McIlvaine, C. J.
If the contract sued on had been made by a natural person, and in the ’state of Ohio, instead of a corporation, it would not be denied that under the laws of the state of Ohio it would be usurious, and that the plaintiff could recover thereon only the principal actually advanced, with interest at the rate of six per cent, per annum.
The plaintiff, however, being a corporation of this state, we must look to the general statute under which it was incorporated for its power to contract, and for the consequences which follow an abuse of its franchise in this respect.
Section 16 of the act of February 26, 1873, as amended March 3, 1875 (72 Ohio L. 186, § 16), provides: “ Such association may discount notes and bills of exchange, and may take, receive, reserve, and charge upon any loan or discount made upon note, bill of exchange, or other evidence of debt, interest at the rate allowed, or that may be allowed by the laws of Ohio, and shall be subject for the violation thereof to the same penalties as natural persons.”
It must be conceded that the rate of interest stipulated for in this contract exceeded the rate allowed by the laws of Ohio, and therefore it is contended that the contract is *36 void in toto, for want of legal capacity in the corporation to make it. Bank of Chillicothe v. Swayne, 8 Ohio, 257. And subsequent cases approving the same doctrine are i’e-lied on as sustaining this proposition. We do not controvert the doctrine of the common law as laid down in these cases. But we. do claim that the legislature has ample power to change the rule, and where the statute has declared the consequences that follow a violation of chartered power, the statutory rule-must prevail, and the doctrine of Bank of Chillicothe v. Sioayne does not apply. See Bank of Columbus v. Garlinghouse, 22 Ohio St. 492. In the case before us the statute declares that savings and loan associations, for contracting for a greater rate of interest than is allowed by the laws of Ohio, “shall be subject to the same penalties as natural persons.” This rule of liability is exclusive.
But it is said that the laws of Ohio do not subject natural persons to any penalty for violating the usury laws of the state. This brings us to consider the meaning of the word “penalties” as used in this statute. It must be assumed that the general assembly was cognizant of the state of the law. It is true that no corporal punishment was inflicted in Ohio for usury. It is true also that usury in this state was not declared an offense for which punishment by fine was inflicted. But it is true, at the time this statute was passed, that bythe laws of Ohio a contract for usury could not be enforced to the extent of the usury. To that extent the contract was forfeited. This forfeiture was a penalty within the meaning of the statute. This construction is necessary to give the provision any operation at the time it was enacted, and we think it should be_ adopted.
Again, it is claimed by defendant in error, that the contract sued on was made in the state of Illinois, and that by the law of the place where it was made the rate of interest contracted- for was authorized. Heuco it is contended that th,e validity of the contract should be determined by the law of Illinois and not by the law of Ohio. *37 If the contracting parties were natural persons, the rule thus contended for should, no doubt, prevail.
But the defendant in error, which contracted for interest at the rate of ten per cent, per annum in the state of Illinois, was an Ohio corporation, whose power to contract for interest was limited by its charter “ to the rate allowed by the laws of Ohio,” which was a less rate than that contracted for. In Bank of Augusta v. Earle, 13 Peters, 519, it was said: “It may be safely assumed that corporations can make no contract or do no act, either within or without the state that creates it, except such as are authorized by its charter.” The reasoning which leads to this conclusion is unanswerable, and need not be re-stated here, as the proposition is very plain.
We admit that by the rule of comity existing between states of this Union, it may be assumed that the existence of the plaintiff below as a corporation of the state of Ohio, with such powers as were conferred by its charter, was recognized by the state of Illinois, so that a contract which it might make, within its charter, would be valid, though made in another state. But this rule of comity does not extend so far as to legalize a contract in excess of its chartered privileges made by a foreign corporation in another state, although such contract be authorized by the state where made as a legitimate exercise of power by its own citizens, whether natural or incorporated.
Neither does this rule of comity exist in a state whose policy is violated by the exercise of powers conferred by the charter of a foreign corporation. In other words, powers conferred by a charter can not be exercised in a foreign state whose policy is thereby violated. So that, if it were shown that the laws of Illinois expressly authorized a foreign banking corporation to contract for interest at the rate of ten per cent, per annum, within the State of Illinois, the state of Ohio would not enforce a contract so made by one of its own corporations in violation of its policy as expressed in the charter of the corporation.

Judgment reversed for error in including usurious interest, 
*38
and cause remanded to the common pleas court for further proceedings.